UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

PAMELA CARVEL,

            Plaintiff,

  - against -

NEW YORK STATE, *et al.*,

            Defendants.

------------------------------------------------------------X

ORDER

08 Civ. 3305 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.:

      By Opinion and Order dated August 8, 2008, this Court dismissed plaintiff's claims sua sponte. Plaintiff now moves for reconsideration of that Opinion and Order.

      "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."[1] Plaintiff raises a

---

[1] *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Accord *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003); *Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." (quotation omitted)).

1

number of grounds for reconsideration.

First, plaintiff argues that she must turn to the federal courts because she "can no longer trust the veracity of [her] State government, 'officers of the court', and state judge-made laws or regulations to uphold every citizen's guaranteed rights . . . ."[2] However, pursuant to the *Rooker-Feldman* doctrine, a plaintiff cannot turn to the federal courts even where she believes that a state court deprived her of her constitutional rights. Plaintiff's avenue of redress is to appeal to the higher courts of the State of New York, and then, if necessary, to file for certiorari with the United States Supreme Court. As explained in the Opinion and Order, federal district courts lack jurisdiction to review the decisions of state courts.

Plaintiff asserts that the Court wrongfully applied the *Rooker-Feldman* doctrine. She contends that "[s]ince official corruption causing deprivation of civil rights was not part of any State proceeding . . . therefore *Rooker-Feldman* does not apply."[3] However, the *Rooker-Feldman* doctrine does not apply when a plaintiff files a claim in federal court that has already been

---

[2] Plaintiffs' [sic] Motion for Reconsideration of the Court's August 8, 2008 Opinion and Order ("Pl. Mem.") at 2.

[3] *Id.* at 14.

litigated in state court. In that situation, the action is barred by claim preclusion. Rather, *Rooker-Feldman* applies when a federal court is asked, via a separate action with different claims, to review the proceedings and outcome of a state court proceeding, as is the case here. The Second Circuit has explained that "[j]ust presenting in federal court a legal theory not raised in state court . . . cannot insulate a federal plaintiff's suit from *Rooker-Feldman* if the federal suit nonetheless complains of injury from a state-court judgment and seeks to have that state-court judgment reversed."[4]

Next, plaintiff argues that dismissal was "premature without discovery and opportunity to amend *pro se* complaints."[5] However, any amendment would be futile because no amendments can provide this Court with jurisdiction. Discovery would be equally useless. This Court already assumed the truth of plaintiff's claims. Nonetheless, she cannot obtain relief in this Court. Therefore, discovery is unnecessary.

Finally, plaintiff asserts that section 4 of Title 18 of the United States Code, which prohibits misprison of felony, somehow allows her civil action to

---

[4] *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 86 (2d Cir. 2005).

[5] Pl. Mem. at 4.

proceed notwithstanding its failure to state a claim. However, contrary to plaintiff's arguments, misprison of felony does not simply mean the failure to report a felony to the appropriate authorities.[6] A person commits misprison of felony when, having full knowledge of the felony committed by another, they both fail to report the felony and take affirmative steps to conceal that crime.[7] But, most importantly, only the United States can prosecute an individual for a crime.

Plaintiff has not identified any material facts or law overlooked by the Court. Reconsideration is therefore denied.

---

[6] *See id.* at 11 ("There is well-established law in our jurisprudence, which places *an affirmative duty on all of us* to expose any treasonous or criminal act, which comes to our attention (18 U.S.C. §§ 4, 2382). Failure to do so is defined as a 'misprison.'"). Section 2382 of Title 18 criminalizes misprison of treason and features a similar concealment requirement.

[7] *See United States v. Cefalu*, 85 F.3d 964, 969 (2d Cir. 1996) ("The elements of Misprision of Felony are 1) the principal committed and completed the alleged felony; 2) defendant had full knowledge of that fact; 3) defendant failed to notify the authorities; and 4) *defendant took steps to conceal the crime.*") (emphasis added, citations omitted).

SO ORDERED:

_____
Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         August 20, 2008

**- Appearances –**

**Plaintiff (Pro Se):**

Pamela Carvel
28 Old Brompton Road, Suite 158
London, SW7 3SS
England